## SHEPHERD STATE BANK v. SAN JACINTO COUNTY. (No. 572.)

(Court of Civil Appeals of Texas. Beaumont. April 17, 1920. Rehearing Denied April 28, 1920.)

**1. Pleading  ⬅34(3)—Petition liberally construed as against general demurrer.**

A petition as against general demurrer should be liberally construed, all reasonable intendments from facts stated being indulged in favor of statement of a cause of action, though before such intendments may be indulged facts, and not mere conclusions, must be alleged as a basis.

**2. Payment  ⬅89(4) — County's petition against bank to recover payment insufficient to state cause of action.**

Petition by county for use of road district against bank to recover money judgment on account of amount paid bank through its agent to discharge indebtedness to bank of contractor with county to build road *held* insufficient to state cause of action to recover amount by which payment to bank exceeded amount county owed contractor.

**3. Principal and agent  ⬅166(1)—Ratification presupposes knowledge of facts.**

Ratification of agent's act by his principal presupposes full knowledge of fact sought to be made basis of ratification.

Appeal from District Court, San Jacinto County; J. L. Manry, Judge.

Suit by San Jacinto County, to use of Road District No. 1, against the Shepherd State Bank. From judgment for plaintiff, defendant appeals. Reversed, and cause remanded.

S. H. German, of Livingston, and F. O. Fuller, of Cold Springs, for appellant.

Geo. E. Gordon, of Cold Springs, for appellee.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HIGHTOWER, C. J. This suit was filed by the appellee, San Jacinto county, for the use and benefit of road district No. 1 of that county, in the district court of that county, against appellant, the Shepherd State Bank, to recover a money judgment for the sum of $1,328.86, with interest thereon from a date stated. The trial was had with a jury, and the case was submitted upon special issues, and resulted in a verdict and judgment in favor of appellee for the amount sued for. Appellant's motion for new trial was duly made and overruled, and the case has been brought to this court by appeal.

Appellee's petition in full, omitting only the marginal portions, is as follows:

"Now comes your petitioner, San Jacinto county, of the state of Texas, for and on behalf of road district No. 1 of said San Jacinto county, hereinafter called plaintiff, respectfully shows unto the court:

"First. That on or about the 14th day of July, 1917, the Shepherd State Bank, a private corporation doing a general banking business at Shepherd, in San Jacinto county, Tex., hereinafter styled defendant, did promise plaintiff, through its attorney, R. J. McMurrey, that plaintiff would pay to the defendant the sum of $2,000, claimed of one N. A. Dawson by defendant, the said N. A. Dawson being at the time in plaintiff's employ; that the defendant would return or pay back to plaintiff such amount or part of said $2,000 as would be later ascertained by plaintiff, through plaintiff's commissioners' court, all money over and above the amount so found to be due the said N. A. Dawson on said road district No. 1, commonly known as the Cleveland road; and plaintiff relying upon defendant's said attorney's promise let the defendant have the said sum of $2,000.

"Second. That some time during the spring of the year 1918, on or about February or March, plaintiff informed defendant, through its commissioners' court and by a committee appointed by its commissioners' court, that plaintiff had overpaid defendant the sum of $1,328.86, the same showing the amount ascertained to be due the said N. A. Dawson of $671.14. For said amount of $1,328.86 plaintiff did then and there demand of defendant, and has on various and sundry times before the filing of this petition demanded of defendant, the said sum so ascertained to be due, $1,328.86, and which defendant had promised to pay plaintiff through and by its attorney, R. J. McMurrey, but defendant refused to pay the same, and still refuses to pay plaintiff, wherefore plaintiff brings this suit.

"Third. Plaintiff further claims of the defendant the sum of $1,328.86 upon an overpayment of plaintiff to defendant on or about the 14th day of July, 1917, which said amount defendant, through and by its attorney, promised to pay to plaintiff at a time when plaintiff's commissioners' court ascertained the same to be due, and which said amount has been so ascertained to be due by said commissioners' court, but which defendant refused and still refuses to pay.

"Fourth. Plaintiff further claims of the de-

fendant the sum of $1,328.86 for money had and received by defendant of the plaintiff on or about the 14th day of July, 1917.

"The premises considered, plaintiff prays judgment for the sum of $1,328.86, with interest from the 14th day of July, 1917, against the defendant, and for such amount as be found to be due plaintiff by defendant by this honorable court, for all further general and special relief as the facts of the case may justify."

Appellant filed its answer, which contained, among other things, a general demurrer.

If it may be said that the above petition states facts with reasonable certainty which show a cause of action against appellant, the general demurrer was properly overruled; if not, the demurrer was erroneously overruled.

[1] We understand the rule to be that a petition, as against a general demurrer, should be liberally construed, and that all reasonable intendments from facts stated should be indulged in favor of the petition's stating a cause of action; but before such intendments may be indulged facts, and not mere conclusions, must be stated as a basis therefor.

[2] Considering the above petition as a whole, we have reached the conclusion that it states no fact with reasonable certainty from which any liability against appellant would follow. From the evidence in the record we find that one N. A. Dawson executed his note in favor of appellant for about $17,000, which was secured to the extent of $13,000 by Panola county bonds put up as collateral; that, a considerable balance of this note remaining unpaid, the note was placed by appellant in the hands of one R. J. McMurrey, an attorney at law, for collection; that at that time Dawson was employed by appellee, and was. engaged in constructing and building a road in road district No. 1 of San Jacinto county, under a contract with the county, and appellee was indebted to Dawson, but the work had not been completed and the extent of the indebtedness had not been ascertained; that in such circumstances McMurrey went before the commissioners' court of San Jacinto county, and told the court that he, as appellant's attorney, had said note in his hands for collection against Dawson, and he prevailed upon the court to have issued against the county a warrant in appellant's favor for $2,000, to be applied as a payment on Dawson's note; that in order to get this warrant McMurrey stated to the commissioners that in the event it should be afterwards found that Dawson was not due as much as $2,000, under the contract, then his client, appellant, would repay or refund to appellee the difference between the $2,000 and the amount found to be actually due Dawson under his contract; that it was afterwards ascertained that Dawson was due only $671.14; that thereupon appellee demanded of appellant the sum of $1,328.86,

which McMurrey, as appellant's agent, had stated appellant would refund to appellee; that such demand was refused by appellant, appellant stating as its reason for such refusal that McMurrey was not authorized by the appellant to make any such contract or agreement with said commissioners, but was only authorized to collect the note against Dawson.

The evidence further disclosed that McMurrey turned the warrant over to appellant, and that appellant gave Dawson credit on its books to the extent thereof; but as to whether any part of the collateral was surrendered the evidence does not show. We repeat that the foregoing facts appear from the evidence, but not all of them from the appellee's petition. It is not even stated in the petition that McMurrey, as attorney for appellant, held Dawson's note for collection, or that McMurrey was authorized by appellant to make any agreement or promise whatever binding appellant to repay or refund to appellee any sum of money. Indeed, it would be difficult to tell from the petition just what state of facts appellee would undertake to show in order to fix liability upon appellant for the amount of money sued for.

But after the trial had commenced appellee filed this trial amendment:

"Now comes the plaintiff, and by leave of the court offers this as his trial amendment in the above styled and numbered cause: Plaintiff prays that should the defendant repudiate or deny the authority and power of R. J. McMurrey as its attorney to bind the defendant in said attorney's agreement with the plaintiff in this cause, that defendant has ratified and affirmed said agreement and has failed and refused to return said sum of $2,000 paid by plaintiff to R. J. McMurrey for and on behalf of defendant in July, 1917, or any part thereof."

[3] With reference to this trial amendment, it will suffice to say, first, that the petition had not alleged any authority in McMurrey to call for repudiation by appellant; and, second, that no fact is stated in the trial amendment upon which ratification of McMurrey's acts could be claimed, save the fact alone that appellant had refused to return to appellee the $2,000 paid to McMurrey, which, alone, would not be sufficient to bind appellant on the principle of ratification. Ratification presupposes a full knowledge of the facts sought to be made the basis of ratification.

We have no doubt that the trial court erred in refusing to sustain the general demurrer, and for that reason appellant's assignment challenging that action should be sustained, and the judgment reversed and the cause remanded.

We think it would hardly be proper to discuss the assignments, which vigorously assail the verdict and judgment on the ground that the evidence was insufficient to show that McMurrey had either actual or apparent authority to bind appellant by any statement or promise made to the commissioners' court. We think we should pretermit any such discussion until we have a proper pleading to which such evidence might relate.

Because of the trial court's error in refusing the general demurrer, the judgment is reversed and the cause remanded.